ABIGAIL V. LOTHROP *versus* TIMOTHY FOSTER.

The demand to have dower assigned may be made by parol and by one authorized by parol.

Although the wife has signed a deed of the premises with her husband, she is not thereby estopped to claim dower, when the deed contains no words indicating her intention to release her right of dower.

An agreement to release such right cannot be proved by parol.

REPORTED from *Nisi Prius*, Fox, J., presiding.

This was an action of DOWER, claimed by the plaintiff as the widow of Sullivan Lothrop, who conveyed the premises to George K. Stinchfield in the year 1834. The plaintiff

signed the deed of her husband to Stinchfield; but there are no words therein indicating an intention of releasing her right of dower. The defendant claims as grantee of Stinchfield.

The plaintiff offered evidence of the death of said Sullivan Lothop; and, to prove that they were married, she offered certificate of their marriage, and also offered the testimony of a witness who was present at her marriage.

*Job Prince,* called by the plaintiff, testified:—I called on defendant, Oct. 9, 1861; asked him if he was in possession of the farm in question and if he was owner, and he said he was; I told him I came as agent and attorney of Abigail Lothrop, widow of Sullivan Lothrop, to demand her dower and that he might consider a demand made by me for her; he said he would admit the demand made by me but he did not consider she was entitled to her dower, as she had signed the deed. The plaintiff had given me verbal authority to act for her and I made the demand verbally.

The defendant offered the deposition of said Stinchfield, (subject to all legal objections.) The deponent states, that said Sullivan Lothrop and his wife signed and executed the deed to him at the same time; that he paid $625 as the consideration for the conveyance; that the plaintiff refused to sign the deed unless she was paid a sum in addition to that already named; she finally consented to sign the deed releasing her dower for five dollars, which deponent paid her for that purpose.

A default was entered, subject to the opinion of the full Court on report of the case.

The case was argued by

*N. Morrill,* for the plaintiff, and by

*A. G. Stinchfield,* for the defendant.

The opinion of the Court was drawn up by

APPLETON, C. J.—The demand to have dower assigned may be made by parol and by one authorized by parol.

*Baker* v. *Baker*, 4 Greenl., 66 ; *Luce* v. *Stubbs*, 35 Maine, 92 ; *Curtis* v. *Hobart*, 41 Maine, 230. It seems a demand for dower need not be made by the widow personally, nor in the presence of witnesses. *Watson* v. *Watson*, 70 E. C. L., 5. In case last cited, the demand was made by the son of the demandant, without proof of any written authority, and its sufficiency was not questioned.

The husband having been seized of the premises in controversy during the coverture, the wife, upon demand, is entitled to dower, unless it be wild land. But there is no presumption that all land is wild, which the demandant must overcome, before she can have dower.

It is true, the wife, in the case before us, signed the deed with her husband, but there are no words releasing or indicating an intention to release dower. She is not, therefore, estopped to claim it. *Stevens* v. *Owen*, 25 Maine, 92.

The tenant cannot show an agreement to release dower by parol. The evidence of Stinchfield, offered for that purpose, was inadmissible.

The marriage of the demandant is neither denied by the specifications of defence nor by the pleadings. If it were, the certificate of the magistrate by whom the marriage ceremony was performed, and the testimony of witnesses who were present, seem sufficient to establish the fact.

*The default to stand.*

DAVIS, KENT, WALTON and DICKERSON, JJ., concurred.